IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARSHA M. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3089 |
| | ) | |
| V. | ) | |
| | ) | ORDER |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on Marsha M. Hunter's ("plaintiff") motion for attorney fees, Filing No. 24, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006).  Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and finding the plaintiff eligible for disability benefits.  Filing Nos. 17, 18.  Thereafter, plaintiff filed this motion for attorney fees with accompanying exhibits.  Filing Nos. 24, 25.  Plaintiff requests compensation for 32.8 hours of attorney time, for a total of $5,350.66.  The Social Security Administration ("defendant") filed a response stating that it did not contest the award of attorney fees in the amount of $5,350.66.  Filing No. 26.  Plaintiff filed a bill of costs with this court, Filing No. 19, and with no objection from defendant, the Clerk of Court filed a taxation of costs including $264.64 in the judgment.  Filing No. 23.

    The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed.  28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004).  Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially

justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

After carefully reviewing the record and, in particular, the itemized amounts set forth in Exhibit A, *see* Filing No. 25, the court concludes the reported 32.8 hours of work spent on this case is reasonable. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. As the court noted in its previous memorandum and order, the ALJ's finding that plaintiff is not disabled is not supported by substantial evidence on the record as a whole. Filing No. 17. Accordingly, the court concludes that the defendant was not substantially justified, plaintiff is a prevailing party, and an award of attorney fees in the amount of $5,350.66 is reasonable and warranted.

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 24, is granted. Plaintiff is awarded attorney fees in the amount of $5,350.66.

DATED this 28th day of November, 2006.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge